UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO: 2:15-cr-1-FtM-38DNF

DANIEL EDWARD PALMER

### ORDER[1]

This matter comes before the Court on consideration of the Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #56) filed on May 18, 2015, recommending Defendant Daniel Edward Palmer's Motion for Pre-Trial Suppression Hearing (Doc. #22) be denied. This Report and Recommendation also takes into consideration Palmer's Supplement Motion for Pre-Trial Suppression. (Doc. #48). Palmer filed an objection to the Report and Recommendation on June 1, 2015. (Doc. #61). Thereafter, despite given the opportunity, the Government did not file a response to the objection. This matter is ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

Palmer's objections mostly rehash his original suppression arguments. First, Palmer argues the affidavit in support of the search warrant contained materially false and misleading information. Second, Palmer argues his statements should be suppressed because his statements were in violation of his *Miranda* rights. The Report and Recommendation addresses and rejects these arguments. After an independent review of the motion to suppress (Doc. #22), the Government's response (Doc. #24), the supplemental motion (Doc. #48), the Government's supplemental response (Doc. #55), the Magistrate Judge's Report and Recommendation (Doc. #56), Palmer's objection (Doc. #61), and the record including the transcript (Doc. #49), the Court fully agrees with the findings of facts and conclusions of law made by the Magistrate Judge. Therefore, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

The undersigned finds the Magistrate Judge gave due consideration to the unique hash file identifier and gave due consideration to the definition of the term torrent. The Court finds what Palmer advocates for, an exceptionally narrow view of the term "torrent" when interpreting Tissot's affidavit goes against the evidence, law, and common sense. For example, the Court does not agree with Palmer's position that the inclusion of unique hash file identifiers in Tissot's affidavit in turn excludes any other general definition of the

torrent files. A plain and thorough reading of the affidavit supports a finding that the torrents contained child pornography are not false or reckless. The undersigned especially agrees with the Magistrate Judge's findings that Tissot's use of the term torrent is consistent with the dictionary and agrees with the Government's position that the term ".torrent" references the file itself and the files it references. The torrent references in the affidavit should not be excised from the affidavit. The Court also agrees with the Magistrate Judge's findings in that there was probable cause to search Palmer's belongings and there were no violations of Palmer's *Miranda* rights.

Accordingly, it is now

**ORDERED:**

1. Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #56) is **ACCEPTED** and **ADOPTED**, and it is specifically incorporated into this Order.

2. Defendant's Motion for Pre-Trial Suppression (Doc. #22) is **DENIED**.

3. Defendant's Supplemental Motion for Pre-Trial Suppression (Doc. #48) is **DENIED**.

4. Defendant's objection (Doc. #61) is **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this July 8th, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record