UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 2:15-cr-1-SPC-MRM

DANIEL EDWARD PALMER

## ORDER[1]

Before the Court is pro se Defendant Edward Palmer's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and supporting documents. (Doc. 118; Doc. 119; Doc. 125; Doc. 126). The Government opposes the motion (Doc. 127), to which Defendant has replied (Doc. 133). After considering the record, parties' arguments, and applicable law, the Court denies the motion.

Defendant is forty-three years old and incarcerated at Coleman Low FCI for distributing child pornography. (Doc. 114). He has served about one-third of his 180-month sentence and has another six years left. (Doc. 127 at 2). But Defendant wants out now because of the COVID-19 pandemic. He thus moves for immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

A district court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c); *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). One circumstance is known as compassionate release, which is available "in any case" where:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3353(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must prove that a sentence reduction is warranted. *See United States v. Jackson*, No. 3:16-cr-104-J-32JRK3, 2020 WL 3962275, at *1 (M.D. Fla. July 13, 2020). Here, Defendant does not meet his burden for three reasons: (1) he has shown no extraordinary and compelling reason for a sentence reduction; (2) he remains a danger to the community's safety; and (3) the § 3553(a) factors weigh against his release.[2]

For "extraordinary and compelling reasons," Defendant says he suffers from hypertension that makes him more susceptible to COVID-19. (Doc. 118

---

[2] The parties disagree whether Defendant has fully exhausted his administrative remedies. The Court assumes, without deciding, that he has done so because the motion has no substantive merit.

at 4-5). Even accepting Defendant's representation as true, that is not enough. He is correct that hypertension can possibly make him more likely to get severely ill from COVID-19. *See People With Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 30, 2021). But hypertension is common in the United States, and Defendant's medical records show he is being treated for it. See *United States v. Jackson*, No. 20-12748, 2021 WL 1400937, at *3 (11th Cir. Apr. 14, 2021) ("As the risk [of becoming severely ill from COVID-19] is only potentially higher [for someone with high blood pressure], we cannot conclude that the district court abused its discretion in denying [the defendant's] motion."); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (affirming denial of compassionate release where medical conditions only possibly increased a defendant's risk of COVID-19). Also, several factors offset Defendant's health condition: (1) Defendant has contracted the virus and successfully underwent treatment in prison; (2) Defendant initially refused the COVID-19 vaccination (Doc. 127-1); and (3) the BOP has undertaken extensive efforts to control the spread of the virus within its facilities. Taken together, the record does not show that Defendant suffers from a serious medical condition that substantially diminishes his ability to provide self-care in prison and that he is not expected to recover. U.S.S.G. §

1B1.13, cmt. 1(A)(ii). Showing no extraordinary and compelling reason, compassionate release is not warranted.

Even had Defendant shown an extraordinary and compelling reason, the Court still finds him a danger to the community per U.S.S.G. § 1B1.13(2), and the § 3553(a) sentencing factors weigh against his compassionate release. Defendant committed a serious crime. He is in prison because he possessed over 29,250 images of child pornography, including hundreds of videos. (Doc. 81 at 23). His contraband involved sadistic and masochistic conduct against children, some as young as two or three years old. (Doc. 81 at 21-22). And he used peer-to-peer file sharing for years to distribute child pornography to others like him. Defendant simply victimized children and continued to do so every time he watched and distributed the images.

That's not all. If the Court released Defendant early, he would avoid nearly two-thirds of his 180-month sentence. Allowing Defendant to avoid serving such a substantial part of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. 18 U.S.C. § 3553(a)(2). The Court remains convinced a sentence of 180 months is not greater than necessary to achieve the goals of sentencing.

Accordingly, it is now

**ORDERED:**

Defendant Edward Palmer's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 118) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on May 3, 2021.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record